UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00128-GNS-HBB

JASON DUVALL                                                                                                 PLAINTIFF

v.

AMERICA'S HOME PLACE, INC.                                              DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Attorney's Fees and Nontaxable Costs and Expenses (DN 25) and Defendant's Objection to Bill of Costs. The motion is ripe for adjudication.[1] For the reasons below, the motion is **GRANTED**.

### I.     **BACKGROUND**

Plaintiff Jason Duvall ("Plaintiff") contracted with Defendant America's Home Place, Inc. ("Defendant") to build a home based on one of Defendant's copyrighted designs (the "Agreement"). (Compl. ¶ 5, DN 1-2; Answer & Am. Countercl. 3, 5, DN 15; *see* Compl. Ex. A, DN 1-2 [hereinafter Agreement]). The Agreement has an arbitration clause (the "Arbitration Clause") requiring that any dispute under the Agreement be submitted to binding arbitration. (Compl. ¶¶ 6-7; Agreement ¶ 21). The arbitration clause incorporates by reference a warranty agreement that itself contains an arbitration clause that provides in relevant part:

> The prevailing party in any court action brought for the enforcement or interpretation of the arbitration provision of this Section VI.G shall be entitled to

---

[1] Defendant also submitted a bill of costs to the Clerk of this Court. (Bill Costs, DN 24). Plaintiff's response to the instant motion also includes an objection to the bill of costs, which is intertwined with the merits of Defendant's motion. (Pl.'s Resp. Def.'s Mot. Fees 2, DN 26 [hereinafter Pl.'s Resp.]).

1

receive from the losing party a reasonable sum for its attorneys' fees and costs, in addition to any other relief to which it may be entitled.

(Answer Ex. 3, at 12, DN 2-3 [hereinafter Warranty]; Agreement ¶ 21). After construction began, Plaintiff could not fully repay his loan, so he asked Defendant to stop building. (Answer & Am. Countercl. 5). Plaintiff then continued building the home without Defendant or its authorization. (Answer & Am. Countercl. 5).

After an unsuccessful mediation, Defendant sought to enforce the Arbitration Clause, but Plaintiff refused. (Compl. ¶¶ 8-10; *see* Compl. Ex. B, DN 1-2). Plaintiff instead filed a declaratory action in Warren Circuit Court (Kentucky), alleging that the Arbitration Clause lacks language required under Kentucky law and is therefore void and unenforceable. (Compl. ¶ 10). Defendant removed the action to this Court, asserted a counterclaim to compel arbitration, and moved for judgment on the pleadings. (Notice Removal, DN 1; Answer & Am. Countercl.; Def.'s Mot. J. Pleadings & Compel Arbitration, DN 18). The Court dismissed the action without prejudice and compelled the parties to arbitrate. (Mem. Op. & Order 11, DN 22). Defendant then filed this motion for fees pursuant to the fee provision in the warranty.

## II. STANDARD OF REVIEW

"In the Sixth Circuit, courts use the 'lodestar' method to calculate a reasonable fee, which involves 'multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.'" *EMW Women's Surgical Ctr., P.S.C. v. Bevin*, No. 3:17-CV-189-GNS, 2018 WL 10229473, at *5 (W.D. Ky. Sept. 28, 2018) (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)).

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to

command within the venue of the court of record." *Id.* (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "Once a Court has determined a reasonable hourly rate, it must multiply that rate by 'the proven number of hours reasonably expended on the case by the attorney.'" *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 223 (W.D. Mich. 2018) (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005)).  For the Court to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* (quoting *United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)). "After calculating an initial valuation, the Court may then, within its discretion, 'adjust the lodestar to reflect relevant considerations peculiar to the subject litigation.'"[2] *Bevin*, 2018 WL 10229473, at *5 (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 373, 349 (6th Cir. 2000)).

### III.   DISCUSSION

Plaintiff lodges three brief exceptions to Defendant's motion that:  (1) the issue of attorney's fees must be decided by the arbitrator; (2) Plaintiff's objection to the arbitration

---

[2] The Sixth Circuit has recognized the following non-exclusive list of factors:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bevin*, 2018 WL 10229473, at *5 n.3 (quoting *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 n.1 (6th Cir. 2015)).

3

provision was not in bad faith; and (3) Defendant seeks an excessive amount of attorneys' fees. (Pl.'s Resp. 1-2). None of these arguments are prevailing.

In support of his objection, Plaintiff first points to the Warranty, incorporated by reference into the Agreement, which states that "[a]ny disputes concerning the interpretation or enforceability of this section VI.G, including without limitation, its revocability or voidability for any cause, the scope of arbitral issues, and any defense based upon waiver, estoppel, or laches shall be decided solely by the arbitrator." (Pl.'s Resp. 1; Warranty 12). Plaintiff argues that this constitutes a "delegation clause" that requires the issue of attorney's fees be decided by the arbitrator, not this Court, citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010); and *Danley v. Encore Capital Group, Inc.*, 680 F. App'x 394 (6th Cir. 2017). (Pl.'s Resp. 2). These cases discuss the enforceability of delegation clauses, but neither relates to whether a provision providing attorneys' fees for an action to compel arbitration must be submitted to the arbitrator pursuant to such a clause, nor is the reasoning in these cases applicable here. *See Jackson*, 561 U.S. at 73-76; *Danley*, 680 F. App'x at 397-99. Courts in similar situations have found that the court compelling arbitration is a proper forum for the award of attorneys' fees. *See, e.g.*, *Fruit Creations, LLC v. Edible Arrangements, LLC*, No. 3:20-CV-00497, 2021 WL 3513868, at *4 (M.D. Tenn. Aug. 10, 2021) ("Accordingly, the court agrees with those courts, state and federal, that have found that they have jurisdiction to consider attorney's fee motions filed either in conjunction with motions to compel arbitration or after such motions have already been granted." (citations omitted)); *Bay Shore Power Co. v. Oxbow Energy Sols., LLC*, 969 F.3d 660, 665 (6th Cir. 2020) ("[Plaintiff]'s motion for attorneys' fees is not an impermissible attempt to modify the panel's binding arbitration award, but rather is an attempt to vindicate a separate contract right with respect to an issue that was not delegated to the arbitrators."). The plain language of the

Agreement contemplates that a party who must compel enforcement of the arbitration agreement via an action in court is entitled to reimbursement of fees and expenses; conversely, nothing in the language of the Agreement indicates that such a claim must be submitted to the arbitrator. (Warranty 12). Accordingly, this Court is a proper forum for Defendant's motion.

Next, Plaintiff asserts that "[b]ad faith was never an issue in this case and is not a separate ground for an award of attorney fees." (Pl.'s Resp. 2). The arbitration provision makes no mention of bad faith, and simply allows a prevailing party in an action to compel arbitration to recover fees. (*See* Warranty 12). No examination of any party's good or bad faith is necessary; therefore, this argument fails.

Finally, Plaintiff contends that Defendant's request for fees and costs is excessive. (Pl.'s Resp. 2). Therefore, the Court will conduct a lodestar analysis to evaluate the reasonableness of Defendant's proposed fee. *See Bevin*, 2018 WL 10229473, at *5 (quoting *Imwalle*, 515 F.3d at 551).

First, the Court must determine the reasonableness of the Defendant's hourly rate. *Id.* Defendant submitted a declaration of counsel along with two charts showing how much time was spent on each task in connection with this litigation. (Goldammer Decl., DN 25-2; Def.'s Mot. Att'y Fees & Nontaxable Costs & Expenses Ex. A, DN 25-3 [Att'y Fee Chart I]; Def.'s Mot. Att'y Fees & Nontaxable Costs & Expenses Ex. B, DN 25-4 [Att'y Fee Chart II]). Defendant's counsel Benjamin Goldammer ("Goldammer") explains in his declaration that he charged Defendant an hourly rate of $325.00 in 2022 and $350.00 in 2023. (Goldammer Decl. ¶ 18). Goldammer also explains that he charged an hourly rate of $275.00 in 2022 and $300.00 in 2023 for the work of an associate and that his co-counsel charged an hourly rate of $350.00. (Goldammer Decl. ¶¶ 18, 20). Goldammer then asserts that these hourly rates are reasonable for legal services of the nature

performed in this case for attorneys of similar skill and experience. (Goldammer Decl. ¶¶ 18, 20). Plaintiff does not object to the hourly rates charged by any of Defendant's attorneys. (*See* Pl.'s Resp.). The Court can see no reason to doubt the truthfulness of the rates in these declarations. *See Martinez*, 325 F.R.D. at 221 ("The Court does not question the validity of the assertions in these declarations.").

Turning to the next step of the lodestar analysis, the reasonableness of the time spent. Reviewing the charts, all entries contain a description of the associated task, the amount of time spent on the task, and rate charged for that task. (Att'y Fee Chart I; Att'y Fee Chart II). The descriptions in the charts appropriately provide "sufficient detail and probative value to enable the [C]ourt to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Martinez*, 325 F.R.D. at 223 (quoting *United Slate*, 732 F.2d at 502 n.2). Plaintiff's sole objection to the charts is that "the fees contain[] duplicative time entry effort by both local and out of state counsel for the same task . . . ." (Pl.'s Resp. 2). Plaintiff does not cite to any specific page or item within Defendant's charts in support of this assertion. (Pl.'s Resp. 2). Despite Plaintiff's vague protestation, none of the time entries stand out as suspect. Accordingly, Defendant's requested amount of $17,570.00 appears reasonable under the lodestar analysis.

Included in Plaintiff's objection is an objection to the cost of two pro hac admissions. "Judges within this District have consistently concluded since 2010 that a *pro hac vice* filing fee is a fee allowed under [28 U.S.C.] § 1920(1) and may be taxed as part of costs.'" *Bailey v. United Recovery Sols., Inc.*, No. 3:17CV-00350-DJH-RSE, 2018 WL 6332849, at *4 (W.D. Ky. Oct. 23, 2018) (internal quotation marks omitted) (quoting *Madison Cap. Co. v. S&S Salvage, LLC*, No.

6

4:08-CV-00134-JHM, 2011 WL 3667673, at *1 (W.D. Ky. Aug. 22, 2011)). Accordingly, this objection to the amount of the attorney's fees is not well-taken.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney's Fees and Nontaxable Costs and Expenses (DN 25) is **GRANTED**, and Plaintiff's objection to the Bill of Costs (DN 26) is **OVERRULED**. Defendant is entitled to reimbursement of attorneys' fees, costs, and expenses in the following amounts:

1. Attorneys' fees totaling $17,570.00;
2. Nontaxable costs and expenses totaling $113.50; and
3. Taxable costs totaling $652.00.

Greg N. Stivers, Chief Judge
United States District Court

January 3, 2024

cc: counsel of record